UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANITA BRADLEY, *et al.*,

      Plaintiffs,                         Case No. 19-cv-12396
                                              Hon. Matthew F. Leitman

v.

FOUNTAIN BLEU HEALTH
AND REHABILITATION CENTER, INC.,

      Defendants

_____/

## ORDER DENYING PLAINTIFFS' RENEWED MOTION TO SET ASIDE THE DECEMBER 5, 2019 ORDER DISMISSING THE CASE (ECF No. 14)

Plaintiffs are former employees of Defendant Fountain Bleu Health and Rehabilitation Center, Inc.  In connection with their employment, Plaintiffs each were provided an employee handbook that included an arbitration agreement titled "Acknowledgement of Arbitration of Disputes and Limitations of Claims to 6 Months" (the "Arbitration Agreement"). (*See* ECF No. 7-1, PageID.59-65.)  The Arbitration Agreements provided, among other things, that "[a]rbitration will provide the sole mechanism for a terminated or aggrieved employee to assert a judicially cognizable claim against [Fountain Bleu]." (*Id.*, PageID.59.)  In addition, the Arbitration Agreements specified that "[a]ll claims arising from the provisions of this agreement or in any way arising from or relating the employee's employment

1

relationship with [Fountain Bleu] shall be arbitrated … using the procedures and policies of the American Arbitration Association." (*Id.*)  Fountain Bleu has provided evidence that each of the Plaintiffs signed the Arbitration Agreement. (*See id.*, PageID.61-67.)

Even though Plaintiffs signed the Arbitration Agreements, Plaintiffs filed suit against Fountain Bleu in this Court on August 13, 2019. (*See* Compl., ECF No. 1.) Plaintiffs alleged that Fountain Bleu wrongfully discriminated against them on the basis of their race, age, and/or gender. (*See id.*)  Fountain Bleu thereafter moved to dismiss Plaintiffs' Complaint and to compel arbitration pursuant to the Arbitration Agreements. (*See* Mot. to Dismiss, ECF No. 7.)  In the motion to dismiss, Fountain Bleu argued, among other things, that "the parties agreed to arbitrate" and that the "arbitration agreements are valid, irrevocable and enforceable against plaintiffs." (*Id.*, PageID.47-48.)

Plaintiffs did not contest the motion to dismiss.  Instead, plaintiffs agreed to arbitrate.  On December 5, 2019, the Court entered a stipulated order that (1) required the parties to submit their dispute to binding arbitration and (2) dismissed this civil action with prejudice (the "Arbitration Stipulated Order"). (*See* Arbitration Stip. Order, ECF No. 8.)  In relevant part, the Arbitration Stipulated Order provided as follows:

2

> IT IS HEREBY ORDERED that Plaintiffs' Complaint and all claims belonging to Plaintiffs be submitted to irrevocable, final and binding arbitration based on Plaintiffs' execution of the Separate Acknowledgement of Arbitration of Disputes and Limitations of Claims to 6 Months, which mandates arbitration of all employment related claims, including the claims alleged in Plaintiffs' Complaint.

(*Id.*, PageID.79.)

On March 30, 2020, Plaintiffs filed a motion to set aside the Arbitration Stipulated Order. (*See* Mot., ECF No. 10.)  The Court denied that motion in a written order following an on-the-record telephonic status conference. (*See* Order, ECF No. 13.)  However, the Court granted Plaintiffs permission to file a renewed motion to set aside the Arbitration Stipulated Order, and Plaintiffs did so May 27, 2020. (*See* Renewed Mot., ECF No. 14.) Plaintiffs argue that the Court should set aside the Arbitration Stipulated Order to Federal Rule of Civil Procedure 60(b)(6) because (1) Fountain Bleu has not cooperated in initiating arbitration proceedings and (2) the Court must determine whether the parties' Arbitration Agreements were validly formed before compelling the parties to arbitrate their dispute. (*See id.*)  Neither ground persuades the Court to set aside the stipulated order.  Therefore, for the reasons that follow, the renewed motion is **DENIED**.

# I

Rule 60(b) provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment ...

Fed.R.Civ.P. 60(b). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). "This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (internal quotation marks omitted). "Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Id.* (internal quotation marks omitted; emphasis in original). "The party seeking relief under Rule 60(b) bears the burden of

4

establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## II

Plaintiffs have not met their burden to show that this is one of the "unusual and extreme situations where principles of equity *mandate*" that the Court set aside the Arbitration Stipulated Order. *Blue Diamond Coal*, 249 F.3d at 524 (emphasis in original). While Plaintiffs quote Rule 60(b)(6) and cite a few cases to the Court applying that rule, Plaintiffs have not sufficiently explained why they are entitled to relief under that rule.

Plaintiffs first seek to set aside the Arbitration Stipulated Order on the ground that Fountain Bleu failed to cooperate in initiating arbitration. Plaintiffs argue that they are unable to initiate arbitration proceedings without Fountain Bleu's help because "[n]othing in the [Arbitration Agreements] refer[] to any particular rule or set of rules, and it was not reasonable for Plaintiff[s] or their counsel to assume what procedure had to occur or look up the same online, particularly where counsel for [Fountain Bleu] had indicated that the parties would discuss the same." (*Id.* at ¶10, PageID.102.) And Plaintiffs say that Fountain Bleu has not "taken any steps to arbitrate th[is] matter" and has not cooperated in initiating the arbitration process. (*Id.* at ¶5, PageID.101.)

Plaintiffs' argument that Fountain Bleu has not cooperated in initiating the arbitration process does not provide a basis to set aside the Arbitration Stipulated Order. The Arbitration Stipulated Order compelled arbitration based on Plaintiffs' execution of the Arbitration Agreements. (*See* Arbitration Stip. Order, ECF No. 8.) The Arbitration Agreements, in turn, provide that any arbitration should proceed "using the policies and procedures of the American Arbitration Association." (Arb. Agmt., ECF No. 7-1, PageID.59.) And the American Arbitration Association rules clearly explain that a claimant may initiate an arbitration by filing a demand and serving the demand on an opposing party. (*See* Rules, ECF No. 15-1.) Thus, Plaintiffs were on notice that they could begin an arbitration under the applicable rules by unilaterally making a demand. They did not need any cooperation from Fountain Bleu to initiative arbitration proceedings.

Plaintiffs counter that their copies of the Arbitration Agreements were not legible and that they did not understand what rules would apply to the arbitration. (*See* Mot. at ¶7, ECF No. 14, PageID.102.) But before Plaintiffs entered into the Arbitration Stipulated Order, Fountain Bleu filed with the Court (1) a blank, legible copy of the Arbitration Agreement, (2) copies of the Arbitration Agreements signed by each Plaintiff (which were not entirely legible), and (3) a sworn declaration from a Fountain Bleu employee in human resources who confirmed that the signed, partially illegible copies of the Arbitration Agreements matched the blank, legible

copy placed in the record. (*See* ECF No. 7-1.)  In addition, Fountain Bleu quoted the relevant provision of the Arbitration Agreement that referenced the American Arbitration Association and that organization's rules in its motion to dismiss. (*See* Mot. to Dismiss, ECF No. 7, PageID.43.)  Thus, it should have been clear to Plaintiffs at the time that they agreed to the Arbitration Stipulated Order that they needed to initiate arbitration pursuant to the rules of the American Arbitration Association.  Simply put, the Court is not persuaded that Plaintiffs needed any assistance from Fountain Bleu to initiate the arbitration proceedings, and Fountain Bleu's alleged lack of cooperation does not justify setting aside the Arbitration Stipulated Order.

Plaintiffs next argue that "recent case law from the United States Supreme Court" and the United States Court of Appeals for the Sixth Circuit "indicat[e] that the district court should consider whether an arbitration agreement was validly formed before referring the matters to an arbitrator." (Mot. at ¶14, ECF No. 14, PageID.103; *see also id.* at ¶16, PageID.103.)  Plaintiffs therefore insist that the Court must rule on whether there was a valid arbitration agreement before compelling arbitration.

Plaintiffs ignore that they *agreed* to arbitration in the Arbitration Stipulated Order.  Given that agreement, there was – and is – no need for the Court to independently assess the validity of the Arbitration Agreements.  Moreover, and in

7

any event, if Plaintiffs wanted to challenge the formation of the Arbitration Agreements, the time to do so was in response to Fountain Bleu's motion to dismiss and before Plaintiffs entered into a stipulated order to compel arbitration. Finally, Plaintiffs have not shown or attempted to show that the Arbitration Agreements were not validly formed. Thus, Plaintiffs have not given the Court any reason to question the propriety of compelling arbitration.

### III

For all of these reasons, Plaintiffs have not persuaded the Court that it should set aside the Arbitration Stipulated Order. Plaintiffs' renewed motion (ECF No. 14) is therefore **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 24, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764
