UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANITA BRADLEY, *et al.*,

      Plaintiffs,                            Case No. 19-cv-12396
                                                  Hon. Matthew F. Leitman

v.

FOUNTAIN BLEU HEALTH
AND REHABILITATION CENTER, INC.,

      Defendants
_____/

## ORDER (1) REMANDING TO ARBITRATOR FOR CLARIFICATION; AND (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD (ECF No. 17)

In 2019, Plaintiffs Shanita Bradley, Erica Chappell, Angela Hamm, and Barbara Kemp (collectively "Plaintiffs") filed their Complaint in this civil action against their former employer, Fountain Bleu Health and Rehabilitation Center, Inc. ("Fountain Bleu"). They asserted claims under federal and Michigan anti-discrimination laws. Plaintiffs later stipulated to entry of an order requiring them to arbitrate their claims, and they commenced arbitration proceedings against Fountain Bleu.

Fountain Bleu then moved the Arbitrator to dismiss Plaintiffs' claims on two grounds. First, Fountain Bleu argued that all of Plaintiffs' claims were time-barred because Plaintiffs did not file them within six months of their termination as required

1

under Plaintiffs' agreements with Fountain Bleu (the "Contractual Limitations Period"). Second, Fountain Bleu contended that Plaintiffs' federal discrimination claims were time-barred because Plaintiffs did not file them within ninety days from the date on which Plaintiffs received right-to-sue letters from the United States Equal Employment Opportunity Commission (the "EEOC") (the "Federal 90-Day Limitations Period"). The Arbitrator concluded that Plaintiffs' claims were time-barred and entered an award dismissing all of the claims (the "Dismissal Order").[1] But the Dismissal Order does not make clear whether the Arbitrator dismissed Plaintiffs' federal claims as time-barred by the Contractual Limitations Period, as time-barred by the Federal 90-Day Limitations Period, or as time-barred by both.

Plaintiffs have now filed a motion to vacate the Dismissal Order. (*See* Mot., ECF No. 17.) They argue, among other things, that the Arbitrator manifestly disregarded controlling Sixth Circuit precedent when the Arbitrator ruled that their federal claims were time-barred by the Contractual Limitations Period. (*See id.*)

---

[1] The Arbitrator issued her decision in a document titled "ORDER." (*See* Dismissal Order, ECF No. 17-4, PageID.260.) Accordingly, for the sake of consistency, the Court will refer to this decision as the "Dismissal Order." However, the Court deems the Dismissal Order to be an arbitration award in favor of Fountain Bleu for purposes of, *inter alia*, the Federal Arbitration Act provision governing vacatur of arbitration awards, 9 U.S.C. § 10.

The ambiguity in the Dismissal Order makes it impossible for the Court to properly evaluate whether Plaintiffs are entitled to vacatur of any part of the Dismissal Order. As explained below, if the Arbitrator ruled that Plaintiffs' federal claims were time-barred by Contractual Limitations Period, that could perhaps amount to a manifest disregard for the law and could potentially entitle Plaintiffs to vacatur of the portion of the Dismissal Order that dismissed the federal claims. However, if the Arbitrator ruled that the federal claims were time-barred because Plaintiffs did not comply with the Federal 90-Day Limitations Period, then it would be difficult, if not impossible, for Plaintiffs to obtain relief from the Dismissal Order. Since the Court cannot determine the basis on which the Arbitrator dismissed Plaintiffs' federal claims, the Court **REMANDS** this action to the Arbitrator for clarification. And the Court will **DENY WITHOUT PREJUDICE** Plaintiffs' motion to vacate the Dismissal Order.

## I

## A

Plaintiffs are former employees of Fountain Bleu. In connection with their employment, each Plaintiff executed an agreement to arbitrate claims against Fountain Bleu (the "Arbitration Agreement"). The Arbitration Agreement obligated each Plaintiff to arbitrate "[a]ll claims . . . in any way arising from or related to [her] employment relationship with [Fountain Bleu]." (Arb. Agreement, ECF No. 7-1,

PageID.59.)  The Arbitration Agreement also included the Contractual Limitations

Period.  That provision required each Plaintiff to commence "any action or legal

proceeding relating to [her] employment or termination of employment" within "6

months of the event complained of[.]" (*Id.*)  In whole, the Arbitration Agreement

provided as follows:

> All claims arising from the provisions of this agreement or
> in any way arising from or related to the employee's
> employment relationship with FOUNTAIN BLEU
> NURSING & REHABILITATION CENTER shall be
> arbitrated in Wayne County, Michigan using the
> procedures and policies of the American Arbitration
> Association. The sole and exclusive venue for the
> arbitration shall be Wayne County, Michigan. The parties
> agree that the determination of the arbitrator shall be
> exclusive, binding and final upon all parties. The award of
> the arbitrator may be filed with the clerk of any court of
> competent jurisdiction and judgment may be rendered by
> the court upon the arbitration award, and execution may
> be issued upon the judgment. The cost of the arbitration
> shall be paid by the Employer. Where applicable, the
> arbitrator shall have no power to change, modify or
> otherwise alter the "at-will" nature of the employment
> relationship, and the arbitrator shall issue a written
> determination based solely upon such "at-will"
> relationship.
>
> The employee further agrees not to commence any action
> or legal proceeding relating to employee's employment or
> termination of employment more than 6 months after the
> event complained of unless a shorter period is established
> by law, and agrees to waive any statute of limitations to
> the contrary.

(*See id.*)

4

**B**

On January 8, 2019, Fountain Bleu terminated the employment of Bradley, Chappell, and Hamm. (*See* Resp., ECF No. 18, PageID.285.)   Fountain Bleu terminated Kemp's employment on February 1, 2019. (*See id.*)   On February 15, 2019, all of the Plaintiffs filed a charge of discrimination with the EEOC as required by Title VII of the Civil Rights Act of 1964 ("Title VII"). (*See id.*)  Bradley, Hamm, and Chappell filed a charge alleging discrimination on the basis of their: "(1) sex/gender, (2) race, and (3) [Fountain Bleu's] retaliation against [them]." (Compl. ¶¶ 53-55, ECF No. 1, PageID.8.)   Kemp's charge alleged discrimination "on the basis of her (1) age and (2) race." (*Id.* ¶ 56, PageID.8.)

On May 15, 2019, Hamm received a right to sue letter from the EEOC. (*See* Resp., ECF No. 18, PageID.292.)   On June 12, 2019, Bradley, Kemp, and Chappell received their right to sue letters. (*See id.*)   Under the Federal 90-Day Limitations Period, Plaintiffs had 90 days from receipt of their right to sue letters to bring their federal claims. *See* 42 U.S.C. § 2000e-5(f)(1) (setting 90-day period for Title VII claims); *Thompson v. Fresh Prod., LLC*, 985 F.3d 509, 521 (6th Cir. 2021) (explaining that 90-day period applies to claims under the Age Discrimination in Employment Act).

## C

Plaintiffs filed suit against Fountain Bleu in this Court on August 13, 2019 – 90 days after Hamm received her right to sue letter, and 62 days after Bradley, Kemp, and Chappell received their letters. (*See* Compl., ECF No. 1.)  Plaintiffs brought claims that Fountain Bleu: (1) discriminated against all Plaintiffs on the basis of their race in violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act (the "ELCRA"); (2) discriminated against Kemp on the basis of her age, in violation of the Age Discrimination in Employment Act; (3) discriminated against all Plaintiffs on the basis of age, in violation of ELCRA; (4) discriminated against Bradley, Chappell, and Hamm on the basis of their sex/gender, in violation of Title VII and ELCRA; (5) retaliated against Bradley, Chappell, and Hamm in violation of Title VII; (6) retaliated against all Plaintiffs in violation of ELCRA; (7) created a hostile work environment for all Plaintiffs in violation of Title VII and ELCRA; and (8) wrongfully discharged all Plaintiffs in violation of Michigan public policy. (*See id.*, PageID.8-23.)  Fountain Bleu thereafter moved to dismiss Plaintiffs' Complaint and to compel arbitration pursuant to the Arbitration Agreement. (*See* Mot. to Dismiss, ECF No. 7.)

After Fountain Bleu filed its motion, the parties discussed a possible agreement to arbitrate.  As part of those communications, on November 20, 2019, Fountain Bleu emailed Plaintiffs a proposed stipulated order compelling Plaintiffs

to bring their claims in arbitration and dismissing Plaintiffs' Complaint with prejudice. (*See* ECF No. 17-3, PageID.255.)  On December 4, 2019, Plaintiffs' counsel responded via email that it was "ok with this stipulation, as long as we are in agreement that the employer is not raising the 6-months [Contractual Limitations Period] as a defense to void the arbitration once we proceed there." (*Id.*)  Fountain Bleu's counsel responded that:

> All causes of action in the Complaint under [ELCRA] are barred by the abbreviated statute of limitations.  As a result, we will be raising the defense in relationship to any state law claims you attempt to include in the arbitration demand.

(*Id.*, PageID.254.)  Plaintiffs' counsel responded: "Ok, we will deal with that issue. You can submit the stipulation to the court." (*Id.*)  Fountain Bleu's counsel then presented the stipulation to the Court.

On December 5, 2019, the Court entered the stipulated order compelling arbitration (the "Stipulated Arbitration Order"). (Order, ECF No. 8.)  That order stated as follows:

> IT IS HEREBY ORDERED that Plaintiffs' Complaint and all claims belonging to Plaintiffs be submitted to irrevocable, final and binding arbitration based on Plaintiffs' execution of the Separate Acknowledgement of Arbitration of Disputes and Limitations of Claims to 6 Months, which mandates arbitration of all employment related claims, including the claims alleged in Plaintiffs' Complaint.

> IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice and without recovery of costs or fees by either party, except for this Court retaining jurisdiction for the purpose of confirmation or enforcement of any arbitration award.

(*Id.*, PageID.79-80.)

## D

Plaintiffs did not commence arbitration proceedings after the Court entered the Stipulated Arbitration Order. Then, on April 30, 2020, Plaintiffs filed a motion to set the Stipulated Arbitration Order aside. (*See* Mot., ECF No. 10.) Plaintiffs argued that the Court should set aside the Stipulated Arbitration Order under Federal Rules of Civil Procedure 60(b)(3) and (6) because Fountain Bleu breached the order by failing "to select an arbitrator or discuss the mechanisms of the [arbitration] process." (*Id.*, PageID.93.) The Court denied the motion on May 14, 2020. (*See* Order, ECF No. 13.)

On May 27, 2020, at the Court's invitation, Plaintiffs filed a renewed motion to set aside the Stipulated Arbitration Order. (*See* Renewed Mot., ECF No. 14.) In the renewed motion, Plaintiffs argued again that the Court should set aside the Stipulated Arbitration Order under Federal Rule of Civil Procedure 60(b)(6) because (1) Fountain Bleu had not cooperated in initiating arbitration proceedings, and (2) the Court had to determine whether the parties' Arbitration Agreements were validly formed before compelling the parties to arbitrate their dispute. (*See id.*)

8

The Court denied the renewed motion on June 24, 2020. (*See* Order, ECF No. 16.)  The Court rejected both of Plaintiffs' arguments.  It explained that (1) Plaintiffs "did not need any cooperation from Fountain Bleu to initiative arbitration proceedings" under the operative American Arbitration Association rules; and (2) Plaintiffs already stipulated to arbitration, thus eliminating any need for the Court to determine whether the parties' Arbitration Agreements were validly formed. (*Id.*, PageID.185-186.).

**E**

Finally, on August 8, 2020, Plaintiffs filed an arbitration demand. (*See* Dismissal Order, ECF No. 17-4, PageID.260.)  On November 2, 2020, Fountain Bleu filed a motion to dismiss the arbitration. (*See* Arb. Mot., ECF No. 17-2.)  In that motion, Fountain Bleu first argued that all of Plaintiffs' claims (both federal and state) were barred by the six-month Contractual Limitations Period. (*See id.*, PageID.216.)  Fountain Bleu also argued that Plaintiffs' federal claims failed for the additional and independent reason that they were not filed within the 90 days under the Federal 90-Day Limitations Period. (*See id.*)  Plaintiffs opposed this motion. (*See* Resp., ECF No. 17-4.)  They argued that: (1) Title VII claims are not subject to contractually shortened limitation periods; (2) at any rate, Plaintiffs met the Contractual Limitations Period by filing suit in federal court within six-months of

9

termination; and (3) Fountain Bleu promised it would raise the Contractual Limitations Period as a defense only as to Plaintiffs' state law claims. (*See id.*)

On February 8, 2021, the Arbitrator entered the Dismissal Order and granted Fountain Bleu's motion to dismiss. (*See* Dismissal Order, ECF No. 17-4.)  The Arbitrator determined that Plaintiffs' claims were not timely. (*See id.*)  But the Arbitrator did not make clear whether she was dismissing Plaintiffs' federal claims as untimely under the Contractual Limitations Period, under the Federal 90-Day Limitations Period, or both.  The Arbitrator wrote:

> The gravamen of Respondent's Motion to Dismiss is based on the assertion that Claimants did not file their arbitration Demand within the required six month period set forth in their employment agreement. The underlying chronology and timing of events is mostly not in dispute among the parties. Their disagreement lies in their respective interpretations of Title VII and the events that preceded the filing of the Demand. Claimants rely on case law to suggest that their rights under Title VII would be denied if the contractual provisions override the statutory time requirements.
>
> Claimants Bradley, Chapel and Hamm were terminated on January 8, 2019.  Claimant Kemp was terminated on February 1, 2019.  All four Claimants filed individual charges with the 2 EEOC on February 15, 2019. On May 15, 2019 the EEOC issued a "right to sue" letter to Kemp. The other three Claimants received their letters on June 12, 2019. The four Claimants then filed a single lawsuit in the United States District Court for the Eastern District of Michigan on August 8, 2019.  By Stipulation, that action was dismissed on December 5, 2019. They then again exercised their rights in filing a Demand on August 8, 2020.

> Irrespective of whether there is contractual or statutory tolling of the six months while Claimants pursued the required EEOC action, and then the USDC action, they did not file within the proper timeline after dismissal of the USDC case. Looking at events in the light most favorable to Claimants, even if tacking of the aggregate number of days is not measured, Claimants failed to timely meet their deadline.   Claimants' case is dismissed in full with prejudice.

(*Id.*, PageID.260-261.[2])

## F

On May 7, 2021, Plaintiffs filed the instant motion requesting that the Court vacate the Dismissal Order. (*See* Mot., ECF No. 17.)  On May 24, 2021, Fountain Bleu filed an opposition to Plaintiffs' motion. (*See* Resp., ECF No. 18.)  Plaintiffs filed their reply on June 1, 2021. (*See* Reply, ECF No. 19.)  The Court heard oral argument on October 28, 2021.

## II

The Sixth Circuit recently explained that the rules governing motions to vacate an arbitrator's decision are as follows:

> "The Federal Arbitration Act ("FAA") expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (citing 9 U.S.C § 9). Thus, "[w]hen courts are called on to review an arbitrator's decision, the review is very narrow; it is one of the narrowest standards of judicial review in all of American

---

[2] As required by the American Arbitration Association's Employment Arbitration Rule 39(c), the Arbitrator provided reasons for the dismissal.

jurisprudence." *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016) (quoting *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 305 (6th Cir. 2008)). The FAA provides four grounds upon which a court can vacate an arbitration award: (1) where the award was procured by corruption, fraud, or undue means; (2) where an arbitrator evidenced partiality or corruption; (3) where the arbitrators were guilty of misconduct; and (4) where the arbitrators exceeded their power. 9 U.S.C. § 10(a). Additionally, this court recognizes a fifth—perhaps collective shorthand—ground for vacatur: an arbitrator's manifest disregard of the law. *E.g.*, *Marshall v. SSC Nashville Operating Co.*, 686 F. App'x 348, 353 (6th Cir. 2017) ("We have previously held that despite the Supreme Court's language in *Hall Street Associates*, the 'manifest disregard' doctrine remains a viable ground for attacking an arbitrator's decision...."); *Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 F. App'x 415, 418–19 (6th Cir. 2008) (noting that in light of the ambiguous holding of *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 585, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), "this court will follow its well-established precedent here and continue to employ the 'manifest disregard' standard").

For this court to find that the arbitrator manifestly disregarded the law, "[a] mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent." *Jaros*, 70 F.3d at 421 (internal citation omitted). A claimant meets this standard by showing "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 847 (6th Cir. 2003). Hence, "we may set aside the arbitrator's decision only if, after applying 'clearly established legal precedent, ... no judge or group of judges could conceivably come to the same determination." *Elec. Data Sys. Corp. v. Donelson*, 473 F.3d 684, 691 (6th Cir. 2007) (quoting *Jaros*, 70 F.3d at 421). "Thus, to find manifest disregard a court must find

> two things: the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing *M & C Corp. v. Erwin Behr GmbH & Co.*, 87 F.3d 844, 851 n. 3 (6th Cir. 1996)).

*Gibbens v. OptumRx, Inc.*, 778 F. App'x 390, 393–94 (6th Cir. 2019).[3]

### III

Given the ambiguity in the Dismissal Order, the Court cannot yet determine whether Plaintiffs are entitled to relief from the portion of that order dismissing their federal claims.

Plaintiffs assert two grounds for relief from the Dismissal Order.   First, Plaintiffs contend that Fountain Bleu used "undue means" to persuade the Arbitrator that their federal claims were not filed within the Federal 90-Day Limitations Period. (Mot. ECF No. 17, PageID.199-201.)   More specifically, Plaintiffs contend that Fountain Bleu (1) misled Plaintiffs into believing that Fountain Bleu would not

---

[3] The Sixth Circuit has noted that the Supreme Court's decision in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008), raises a possible question about the continuing validity of "manifest disregard for the law" as a basis for vacating an arbitrator's award. *See Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016) ("Whether 'manifest disregard of the law' may still supply a basis for vacating an arbitrator's award as 'a judicially created supplement to the enumerated forms of FAA relief' after *Hall Street* is an open question.").   However, the Sixth Circuit has not yet discarded that standard, and, indeed, that court continues to apply it in unpublished decisions. *See, e.g., Gibbens*, 778 F. App'x at 393-94. Unless and until the Sixth Circuit rejects its prior published decisions recognizing the validity of the "manifest disregard for the law" standard, this Court will continue to apply that standard.

assert the Federal 90-Day Limitations Period as a defense to Plaintiffs' federal claims in the arbitration and (2) withheld from Plaintiffs a legible copy of the Arbitration Agreement until the Federal 90-Day Limitations Period had expired. (*See id.*)

As the Court expressed during the hearing on Plaintiffs' motion, this line of attack on the Dismissal Order suffers from several potential flaws, including, but not limited to the fact that Fountain Bleu never promised to withhold a defense under the Federal 90-Day Limitations Period in the arbitration, and that Plaintiffs had a legible copy of the Arbitration Agreement more than 90 days before they filed their demand for arbitration.[4]  Simply put, if the Arbitrator dismissed Plaintiffs' federal claims as time-barred under the Federal 90-Day Limitations Period, it would appear that Plaintiffs would have a very difficult time showing that they are entitled to relief from that ruling.

Second, Plaintiffs argue that the Arbitrator "manifestly disregarded" the relevant law by improperly dismissing Plaintiffs' federal claims as time-barred under Contractual Limitations Period. (*Id.*, PageID.201-203.)  Plaintiffs assert that "an arbitration agreement cannot shorten a plaintiff's right to pursue claims under Title VII," and they therefore insist that their federal claims could not be time-barred

---

[4] At the latest, Plaintiffs obtained a legible copy of the Arbitration Agreement when Fountain Bleu attached one to its motion to dismiss and compel arbitration. (*See* ECF No. 7-1, PageID.59.)

under the Contractual Limitations Period. *See Logan v. MGM Grand Detroit Casino*, 939 F.3d 824 (2019) ("[C]ontractual clauses that purport to shorten the limitation period of Title VII to bring suit are not enforceable").  There may be something to this line of argument.  Thus, if the Arbitrator ruled that Plaintiffs' federal claims were time-barred because they were not filed within the Contractual Limitations Period, it may be possible for Plaintiffs to establish a "manifest disregard for the law" and to obtain relief from the portion of the Dismissal Order that dismissed their federal claims.

The Court cannot determine whether Plaintiffs are entitled to relief from the portion of the Dismissal Order dismissing their federal claims because the Arbitrator did not make clear whether she was dismissing the claims as time-barred under the Contractual Limitations Period, under the Federal 90-Day Limitations Period, or both.  The operative portion of the Dismissal Order states only that:

> Irrespective of whether there is contractual or statutory tolling of the six months while Claimants pursued the required EEOC action, and then the USDC action, they did not file within the proper timeline after dismissal of the USDC case. Looking at events in the light most favorable to Claimants, even if tacking of the aggregate number of days is not measured, Claimants failed to timely meet their deadline.

(*See* Dismissal Order, ECF No. 17-4, PageID.261.)  These two sentences do not specify which of the two limitation periods at play provided the "proper timeline" under which Plaintiffs failed to file their federal claims.

15

The Court concludes that a remand to the Arbitrator for clarification is appropriate.  "A remand is proper, both at common law and under the federal law of arbitration contracts, to clarify an ambiguous award or to require the arbitrator to address an issue submitted to [them] but not resolved by the award." *M & C Corp. v. Erwin Behr GmbH & Co., KG*, 326 F.3d 772, 782 (6th Cir. 2003).

On remand, the Arbitrator shall clarify whether she dismissed Plaintiffs' federal claims as untimely under the Federal 90-Day Limitations Period, under the Contractual Limitations Period, or under both.  Resolution of that issue will permit the Court to determine whether Plaintiffs are entitled to relief from any portion of the Dismissal Order.

## IV

For all of these reasons, the Court **REMANDS** this case to the Arbitrator for further proceedings as described above.  Because it is remanding to the Arbitrator, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' motion to vacate the Dismissal Order (ECF No. 17).  Upon issuance of the Arbitrator's clarification, Plaintiffs may re-file their motion if they conclude that there is a basis for relief.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 22, 2021

16

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764